IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JEFFREY D. MANLEY                                                                PETITIONER

v.                              NO. 2:17-cv-00209 KGB/PSH

GENE BEASLEY                                                                    RESPONDENT

REVISED FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Revised Findings and Recommendation have been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

The record reflects that petitioner Jeffrey D. Manley ("Manley") pleaded guilty in the United States District Court for the Western District of Missouri ("Western District of Missouri") to one count of sexual exploitation of a minor and one count of receipt and distribution of child pornography. United States District Judge Brian C. Wimes sentenced Manley to concurrent terms of 240 months imprisonment in the custody of the Federal Bureau of Prisons ("BOP"). Manley did not appeal any aspect of his guilty plea or sentence.

Manley thereafter filed a motion in the Western District of Missouri to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. 2255. Respondent Gene Beasley ("Beasley"), Manley's custodial agent, summarized the documents in that proceeding as follows:

> … In [Manley's] motion, [he] argued [his] sentence was imposed in violation of the right to effective assistance of counsel. … Specifically, [Manley] argued that his counsel was ineffective for failing to adequately object or contest any portion of the Magistrate's Report and Recommendation after the suppression hearing. …[1] … On November 7, 2015, [Manley] filed an amended Motion. … In the amended Motion, [he] added the following claims: 1) ineffective assistance of counsel by failing to investigate the case properly; 2) illegal search and seizure because of errors in the search warrant. … The United States filed a Motion to Dismiss arguing that [Manley's] Motion was untimely filed. … On July 27, 2017, Judge Brian Wimes granted the United States' Motion. … The deadline for filing the Motion was June 19, 2016, and [Manley] did not file his Motion until September 21, 2016. … The Court also declined to issue a certification of appealability. …

---

[1] The record reflects that Manley filed a motion to suppress in the underlying criminal case. United States Magistrate Judge David P. Rush recommended that the motion be denied. Judge Wimes adopted the recommendation and denied the motion.

> [Manley] filed a Motion for Reconsideration, which was denied on August 21, 2017. … [He] filed a Motion for certificate of appealability on September 5, 2017, and the Court denied the Motion on September 11, 2017. … [He] also filed a Notice of Appeal on September 5, 2017. … On February 7, 2018, the Eighth Circuit Court of Appeals denied [his] application for a certificate of appealability and denied his appeal. …

See Docket Entry 9 at CM/ECF 2-3.

Manley then began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241 in the United States District Court for the Eastern District of Arkansas ("Eastern District of Arkansas"). In the petition, he maintained that he was charged with, and convicted of, an offense he did not commit. It was Manley's contention that the victim was not a minor as required by the relevant federal statute.

Beasley filed a response to the petition and asked that it be dismissed. He offered two reasons for requesting its dismissal, one of which is that the petition is actually one made pursuant to 28 U.S.C. 2255. Beasley asserts that because Manley has already filed a petition pursuant to 28 U.S.C. 2255, he was required, but failed, to obtain permission to file his petition.

Before giving serious consideration to Beasley's assertions, the Court accorded Manley an opportunity to file a reply. Manley took advantage of that opportunity and filed a reply.

"Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct [his] sentence under 28 U.S.C. 2255." See Alexander v. Haynes, 2013 WL 5507665, 3 (E.D. Ark. 2013) (Miller, J.). He may challenge the execution of his sentence, though, by filing a petition

pursuant to 28 U.S.C. 2241 in the district of his incarceration. See Id. The scope of the latter proceeding is as follows:

> A court cannot entertain a petition for habeas corpus under 2241, "if it appears that the applicant has failed to apply for relief, by [2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (emphasis added). This latter provision is generally referred to as 2255's savings clause.
>
> To qualify for the savings clause, a petitioner must demonstrate that seeking relief from the sentencing court would be inadequate or ineffective. Lopez-Lopez, 590 F.3d at 907 (citing Abdullah, 392 F.3d at 959). But this exception is a "narrowly circumscribed safety valve." United States ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061–62 (8th Cir.2002), cert. denied, 537 U.S. 869, 123 S.Ct. 275, 154 L.Ed.2d 117 (2002). The fact that an individual is barred from filing a 2255 motion for procedural reasons does not render the remedy inadequate or ineffective. Lopez-Lopez, 590 F.3d at 907. The 2255 remedy is not inadequate or ineffective because the claim was previously raised in a 2255 motion but rejected because the petitioner was denied leave to file a second or successive 2255 petition or because a 2255 petition was time-barred. Id.

See Id.[2] Courts have identified some of the conditions a petitioner must satisfy in order to gain the benefit of the "savings clause." For instance, in Mathison v. Berkebile, 988 F.Supp.2d 1091, 1097-1098 (D.S.D. 2013), a federal district court adopted the following conditions articulated in Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001):

> [T]he savings clause of 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii)

---

[2] See also United States v. Lurie, 207 F.3d 1075 (8th Cir. 2000) (although phrase "inadequate or ineffective" has not been thoroughly defined, it is clear that 2255 motion not inadequate or ineffective because 2255 relief has already been denied, because petitioner has been denied permission to file second or successive 2255 motion, because second or successive 2255 motion has been dismissed, or because petitioner has allowed one year statute of limitations and/or grace period to expire).

that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first 2255 motion.

The undersigned has liberally construed, and carefully reviewed, Manley's pro se submissions. He maintains that he was charged with, and convicted of, an offense he did not commit because the victim was not a minor as required by the relevant federal statute. Manley's challenge is not a challenge to the execution of his sentence or, more specifically, a challenge to the construction of his sentence by the BOP, the agency charged with the responsibility of administering his sentence. Instead, he is challenging the validity of his conviction and sentence as his claim goes to the very reason for his incarceration. The undersigned finds that the proceeding at bar is therefore one filed pursuant to 28 U.S.C. 2255.

The Eastern District of Arkansas is not the district of Manley's sentencing; the Western District of Missouri is. He has already prosecuted one motion pursuant to 28 U.S.C. 2255 to a final resolution, and he did not obtain permission to file a second or successive such motion. Accordingly, the undersigned cannot entertain the motion at bar unless Manley can show that the remedy afforded by 28 U.S.C. 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. 2255(e).

Manley maintains that the remedy afforded by 28 U.S.C. 2255 is inadequate or ineffective. He so maintains for the following reasons:

> … (1) the section 2255 remedy does not accommodate nor provide for an examination of constructive matters concerning substantive law such as those affective legislative legal rule, interpretive legal rule or substantive legal rules; and (2) … the matter at issue does not demand a procedural resolution but rather a judgment of substantive determination.

5

See Docket Entry 2 at CM/ECF 2.

The reasons advanced by Manley are not persuasive. 28 U.S.C. 2255 is intended to redress "constitutional and jurisdictional errors, and apart from those errors, only fundamental defect[s] which inherently [result] in a complete miscarriage of justice and omission[s] inconsistent with the rudimentary demands of fair procedure." See Rubashkin v. United States, 2016 WL 237119, at 18 (N.D. Iowa) [internal quotations and citations omitted]. The remedy afforded by 28 U.S.C. 2255 encompasses the claim now advanced by Manley.[3]

The Reyes-Requena factors that were noted in Mathison v. Berkebile are also of no benefit to Manley. His claim is not based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and the claim was not foreclosed by circuit law at the time when the claim should have been raised in his trial or first 2255 motion.

Although Manley cannot show that a 28 U.S.C. 2255 remedy in the sentencing court is "inadequate or ineffective to test the legality of his detention," he is not entirely without a means for raising the claim at bar. He can file a request to proceed with a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. 2255 with the appropriate court of appeals, in this instance, the United States Court of Appeals for the Eighth Circuit.[4]

---

[3]  To the extent Manley maintains that he is actually innocent, "a claim of actual innocence will not allow a petitioner to bypass 2255's gatekeeping requirements and proceed with a 2241 habeas petition via 2255's savings clause unless the petitioner had no earlier procedural opportunity to present his claims." See Davis v. Outlaw, 2011 WL 1118882, 4 (E.D.Ark. 2011) (Cavaneau, M.J.), report and recommendation adopted, 2011 WL 1118607 (E.D.Ark. 2011) (Holmes, J.). Here, Manley had an earlier procedural opportunity to present his claim but failed to do so.

In conclusion, the Court finds that the petition at bar is one pursuant to 28 U.S.C. 2255. His attempt to characterize it as one pursuant to 28 U.S.C. 2241 is misplaced because he is clearly challenging the validity of his conviction. The "savings clause" codified in 28 U.S.C. 2255(e) is of no help to him because he cannot show that the relief afforded by that section is inadequate or ineffective. Having previously filed a motion pursuant to 28 U.S.C. 2255, Manley must obtain the approval of the Court of Appeals before filing a second or successive motion. He has not obtained the required approval. As a result, his petition should be dismissed for lack of subject matter jurisdiction. The dismissal should be without prejudice, though, so that he might file a request to proceed with a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. 2255 with the United States Court of Appeals for the Eighth Circuit. All requested relief should be denied, and judgment should be entered for Beasley.

DATED this 26th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

4    The undersigned offers no opinion as to whether such a request would be granted and Manley allowed to proceed in the sentencing court with a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C. 2255.