# THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

JEFFREY D. MANLEY                                              PETITIONER

v.                          Case No. 2:17-cv-00209-KGB

GENE BEASLEY                                                  RESPONDENT

## ORDER

Before the Court are the Revised Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris on June 26, 2018 (Dkt. No. 27). Petitioner Jeffrey D. Manley has filed an objection to Judge Harris' Revised Findings and Recommendation (Dkt. No. 34). After careful review of the Revised Findings and Recommendation and Mr. Manley's objection thereto, as well as a *de novo* review of the record, the Court adopts the Revised Findings and Recommendation in their entirety as this Court's findings of fact and conclusions of law. The Court dismisses without prejudice Mr. Manley's petition for a writ of *habeas corpus* (Dkt. No. 1). The Court writes separately to address briefly Mr. Manley's objection to Judge Harris' Revised Findings and Recommendation.

### I. Factual And Procedural History

Mr. Manley is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. Mr. Manley pleaded guilty in the United States District Court for the Western District of Missouri to one count of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e), and one count of receipt and distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) (Dkt. No. 9-1, at 1). United States District Judge Brian C. Wimes sentenced Mr. Manley to 20 years in prison and a term of life on supervised release (*Id.*, at 2–3).

Mr. Manley did not appeal from his conviction or sentence but filed a motion in the Western District of Missouri to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] Judge Wimes dismissed that motion as untimely. Thereafter, Mr. Manley filed a motion for a certificate of appealability and a notice of appeal. A panel of the United States Court of Appeals for the Eighth Circuit denied Mr. Manley's application for a certificate of appealability and dismissed his appeal.[2]

Mr. Manley then initiated the instant case by filing a petition for a writ of *habeas corpus* and two briefs in support thereof in this Court on December 18, 2017 (Dkt. Nos. 1–3). Respondent Gene Beasley filed a response on February 14, 2018 (Dkt. No. 9), and Mr. Manley filed a reply on June 20, 2018 (Dkt. No. 26). On June 26, 2018, Judge Harris issued the Revised Findings and Recommendation in which she recommended that Mr. Manley's petition for a writ of *habeas corpus* be dismissed, without prejudice, for want of subject-matter jurisdiction.

On August 1, 2018, Mr. Manley filed a motion for clarification, which this Court denied on October 9, 2018 (Dkt. Nos. 31, 33). On October 26, 2018, Mr. Manley filed an objection to Judge Harris' Revised Findings and Recommendation (Dkt. No. 34). That same day, Mr. Manley filed an objection to the Court's October 9, 2018, Order, which the Court construes as a motion to reconsider the denial of his motion for clarification (Dkt. No. 35). Thereafter, Mr. Manley filed two motions for copies (Dkt. Nos. 36, 37).

**II.      Discussion**

This matter is before the Court on a petition for a writ of *habeas corpus* filed under 28 U.S.C. § 2241. Because Mr. Manley is a *pro se* litigant, the Court has liberally construed his

---

[1] The case was styled as *Manley v. United States*, Civil No. 3:16-cv-05111-BCW.
[2] The appeal was docketed as No. 17-2997.

filings and has attempted to discern a basis in law for relief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

It is well-established that a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court—here, the Western District of Missouri—under 28 U.S.C. § 2255, not in a *habeas* petition filed in the court of incarceration—here, the Eastern District of Arkansas—under 28 U.S.C. § 2241. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *see also Alexander v. Haynes*, No. 2:13CV00098 BSM, 2013 WL 5507665, at *3 (E.D. Ark. Oct. 1, 2013), *aff'd*, No. 14-1217 (8th Cir. July 17, 2014) ("Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence, under 28 U.S.C. § 2255.") (citation omitted).

Mr. Manley insists that he is challenging the execution of his sentence, rather than the validity of the conviction itself. However, the crux of Mr. Manley's argument before this Court is that he was charged with and convicted of a crime that he did not commit, reasoning that the victim was not a minor as defined by 18 U.S.C. § 2251, the controlling federal statute. Thus, the Court agrees with Judge Harris that Mr. Manley has not stated a cognizable claim under § 2241 because he is challenging the sentence itself, rather than the manner of execution of his sentence. Additionally, because Mr. Manley has already filed a motion pursuant to § 2255, which the Western District of Missouri denied, he was required, but failed, to obtain permission to file a successive § 2255 motion. *See* 28 U.S.C. § 2255(h).

Mr. Manley may not invoke the "Savings Clause" in 28 U.S.C. § 2255(e) and proceed on a § 2241 petition. "Section 2255 contains a narrowly-circumscribed 'safety valve' that permits a federal prisoner to petition for a writ of habeas corpus under § 2241 if it 'appears that the remedy

by motion is inadequate or ineffective to test the legality of his detention.'" *U.S. ex rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061–62 (8th Cir. 2002) (quoting 28 U.S.C. § 2255(e)). Thus, if § 2255 were to be found "inadequate or ineffective," Mr. Manley could file a § 2241 petition. That being said, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (citing *United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir. 2000)).

In his objection to Judge Harris' Revised Findings and Recommendation, Mr. Manley largely reproduces the argument from his *habeas* petition. The Court agrees with Judge Harris that Mr. Manley has not shown that a § 2255 motion in the sentencing court is inadequate or ineffective to challenge the legality of his detention (Dkt. No. 27, at 7). The remedy afforded by § 2255 plainly encompasses the claim at issue, that is, that Mr. Manley was convicted of a crime that he did not commit because the victim was not a minor as defined by the relevant federal statute. Mr. Manley's *habeas* petition is denied.

### III. Certificate Of Appealability

Mr. Manley identified his claims as falling under 28 U.S.C. § 2241. This Court, however, agrees with Judge Harris that Mr. Manley's petition is properly construed under 28 U.S.C. § 2255 (*Id.*). "Under the Antiterrorism and Effective Death Penalty Act of 1996, there can be no appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (citing 28 U.S.C. § 2253(c)(1)). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

4

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citation and internal quotation marks omitted). Obtaining a certificate of appealability "does not require a showing that the appeal will succeed," and a court should not decline the application for a certificate of appealability "merely because it believes the applicant will not demonstrate an entitlement to relief." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Having carefully reviewed the parties' submissions and the relevant law, the Court finds that reasonable jurists could not debate whether Mr. Manley should obtain relief in his collateral challenge to his sentence. Therefore, the Court declines to issue a certificate of appealability. Mr. Manley may still apply to the United States Court of Appeals for the Eighth Circuit for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

## IV. Conclusion

In sum, the Court adopts the Revised Findings and Recommendation in their entirety as this Court's findings of fact and conclusions of law (Dkt. No. 27). The Court dismisses without prejudice Mr. Manley's petition for a writ of *habeas corpus* and denies the relief requested therein (Dkt. No. 1). Additionally, the Court overrules Mr. Manley's objection to the Court's October 9, 2018, Order denying his motion for clarification (Dkt. No. 35). Finally, the Court grants Mr. Manley's two motions for copies and directs the Clerk of Court to mail to Mr. Manley a copy of the docket sheet for this case (Dkt. Nos. 36, 37).

It is so ordered this 11th day of February, 2020.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge