THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JEFFREY D. MANLEY                                                     PETITIONER

v.                         Case No. 2:17-cv-00209-KGB

GENE BEASLEY                                                      RESPONDENT

**ORDER**

Before the Court is petitioner Jeffrey D. Manley's motion for reconsideration of the Court's February 11, 2020, Order (Dkt. No. 40). The relevant procedural history is as follows. Mr. Manley is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas. On December 18, 2017, Mr. Manley filed a petition for a writ of *habeas corpus* (Dkt. No. 1). Respondent Gene Beasley filed a response on February 14, 2018 (Dkt. No. 9), and Mr. Manley filed a reply on June 20, 2018 (Dkt. No. 26). On June 26, 2018, United States Magistrate Judge Patricia S. Harris issued a Revised Findings and Recommendation recommending that Mr. Manley's petition for a writ of *habeas corpus* be dismissed, without prejudice, for want of subject-matter jurisdiction (Dkt. No. 27). On August 1, 2018, Mr. Manley filed a motion for clarification, which this Court denied on October 9, 2018 (Dkt. Nos. 31, 33). On October 26, 2018, Mr. Manley filed an objection to Judge Harris' Revised Findings and Recommendation (Dkt. No. 34). That same day, Mr. Manley filed an objection to the Court's October 9, 2018, Order, which the Court construed as a motion to reconsider the denial of his motion for clarification (Dkt. No. 35).

On February 11, 2020, the Order adopted Judge Harris' Revised Findings and Recommendation in their entirety as this Court's findings of fact and conclusions of law and dismissed, without prejudice, Mr. Manley's petition for a writ of *habeas corpus* (Dkt. Nos. 38, 39). In its February 11, 2020, Order, the Court explained that:

>   a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court—here, the Western District of Missouri—under 28 U.S.C. § 2255, not in a *habeas* petition filed in the court of incarceration—here, the Eastern District of Arkansas—under 28 U.S.C. § 2241.  *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *see also Alexander v. Haynes*, No. 2:13CV00098 BSM, 2013 WL 5507665, at *3 (E.D. Ark. Oct. 1, 2013), *aff'd*, No. 14-1217 (8th Cir. July 17, 2014) ("Generally, a federal inmate may challenge his conviction or sentence only with the sentencing court through a motion to vacate, set aside, or correct their sentence, under 28 U.S.C. § 2255.").

(Dkt. No. 38, at 3).  The Court agreed with Judge Harris that Mr. Manley had not stated a cognizable claim under 18 U.S.C. § 2241 because he was challenging the sentence itself, rather than the manner of execution of his sentence (*Id.*).  The Court then noted that, because Mr. Manley has already filed a motion pursuant to § 2255, which the Western District of Missouri denied, he was required, but failed, to obtain permission to file a successive § 2255 motion (*Id.* (citing 28 U.S.C. § 2255(h)).  The Court also agreed with Judge Harris that Mr. Manley could not invoke the "Savings Clause" in 28 U.S.C. § 2255(e) and proceed on a § 2241 petition (*Id.*, at 3–4).  The Court declined to issue a certificate of appealability (*Id.*, at 4–5.).

On February 25, 2020, Mr. Manley filed a motion for reconsideration of the Court's February 11, 2020, Order (Dkt. No. 40).  In the instant motion, Mr. Manley asserts that the Court, having found that it lacked subject-matter jurisdiction over his *habeas* petition, also lacked jurisdiction to make a certificate of appealability determination.  The Court disagrees.  "Under the Antiterrorism and Effective Death Penalty Act of 1996, there can be no appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability."  *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (citing 28 U.S.C. § 2253(c)(1)).  The Court properly declined to issue a certificate of appealability.

Next, Mr. Manley contends that, upon determining that his *habeas* petition is properly construed under § 2255, rather than § 2241, the Court should have transferred the case to the United States Court of Appeals for the Eighth Circuit. The Court is without authority to transfer a case to a court of appeals. However, as the Court noted in its February 11, 2020, Order, Mr. Manley may still apply to the Eighth Circuit for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

Finally, Mr. Manley requests that the Court clarify what constitutes an "inadequate or ineffective" remedy under § 2255(e) and insists that the Court is holding Mr. Manley "to a standard that does not exist." (Dkt. No. 40, at 2). Mr. Manley further claims that he was deprived of due process because the Eighth Circuit has not fully explained what constitutes an "inadequate or ineffective" remedy. As the Court explained in its February 11, 2020, Order, "[a] prisoner cannot raise, in a § 2241 motion filed in the district of incarceration, an issue which could or was actually raised in the § 2255 motion filed in the sentencing district." *Hill*, 349 F.3d at 1092 (citing *United States v. Lurie*, 207 F.3d 1075, 1077–78 (8th Cir. 2000)). Here, the crux of Mr. Manley's argument before this Court is that he was charged with and convicted of a crime that he did not commit, reasoning that the victim was not a minor as defined by 18 U.S.C. § 2251, the controlling federal statute. Mr. Manley could have raised this argument in a § 2255 motion filed in the Western District of Missouri. Therefore, Mr. Manley may not invoke the Savings Clause in § 2255(e) and proceed on a § 2241 petition.

In sum, the Court finds that there are no grounds for reconsidering its February 11, 2020, Order dismissing, without prejudice, Mr. Manley's petition for a writ of *habeas corpus*. Accordingly, the Court denies Mr. Manley's motion for reconsideration (Dkt. No. 40).

It is so ordered this 28th day of September, 2020.

_____
Kristine G. Baker
United States District Judge